**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BENJAMIN BRINKMOELLER,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0831-24-0080-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　　MANAGEMENT,<br>　　　　　Agency. | DATE:  March 24, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Gregory R. Williams, Esquire, Durham, North Carolina, for the appellant.

Sherri A. McCall, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of an Office of Personnel Management (OPM) final decision.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On October 27, 2023, the appellant filed a Board appeal contesting an OPM final decision determining that he was not eligible to receive a lump sum death benefit under the Civil Service Retirement System (CSRS) based on his mother's death; however, he did not provide a copy of that decision. Initial Appeal File (IAF), Tab 1. On November 6, 2023, the administrative judge issued an acknowledgment order wherein he informed the appellant of the applicable burdens of proof and what he needed to do to establish Board jurisdiction over his appeal. IAF, Tab 2 at 2-3. The administrative judge explained that the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM issues a final decision on the matter, and he ordered the appellant to file evidence and argument as to why the Board has jurisdiction here by, for example, filing a copy of OPM's final decision. *Id.* The administrative judge also ordered the agency to respond to the order, *Id.* at 8-9, but neither party responded. On March 8, 2024, the administrative judge issued a second order advising the parties that they had failed to respond to the acknowledgment order and instructing them to comply with that initial order. IAF, Tab 4. On April 12, 2024, after the parties again failed to respond, the administrative judge issued a third order providing the appellant with a final opportunity to file evidence and argument to establish Board jurisdiction, "e.g., by filing a copy of OPM's final or reconsideration decision," before dismissing the appeal. IAF, Tab 5. The appellant did not respond.

On April 16, 2024, the administrative judge issued an initial decision, without holding the appellant's requested hearing, dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1-4. In so doing, he explained that he had provided the appellant with three opportunities over a

5-month span to submit evidence or argument, such as a final OPM decision, establishing Board jurisdiction over the appeal.  ID at 3-4.  He concluded that in the absence of any such evidence or argument, he could not find that the appellant had met his jurisdictional burden.  ID at 4.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, OPM has filed a response, PFR File, Tab 4, and the appellant has filed a reply to the agency's response, PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is not plenary; rather, it is limited to matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of proving the Board's jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).  Under 5 C.F.R. § 831.110, an individual whose rights or interest under CSRS are affected by a final decision of OPM may request the Board to review the decision in accordance with procedures prescribed by the Board.  *See* 5 U.S.C. § 8347(d)(1).  Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM issues a final decision on the matter.  *Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 7 (2015); *Coffey v. U.S. Postal Service*, 77 M.S.P.R. 281, 286 (1998).  A "final decision" is a decision that OPM issues after a request for reconsideration of an initial decision, or a decision OPM that designates as final.  5 C.F.R. § 831.109(f).  It is undisputed that neither party filed a copy of the final decision before the administrative judge.

For the first time on review, the appellant provides a copy of the OPM final decision determining that he was not eligible to receive a lump sum death benefit under the CSRS based on his mother's death.  PFR File, Tab 1 at 11-12.  The Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record closed below despite

the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Here, the appellant asserts that his legal representative lost access to the Board's e-filing system shortly after filing this appeal; specifically, that he was unable to reset his password without the assistance of a system administrator, and despite submitting a ticket and making multiple phone calls seeking technical support, he did not regain access to the system until a few days after the initial decision was issued. PFR File, Tab 1 at 7-8. The appellant also asserts that his representative made numerous phone calls to OPM seeking updates on the appeal, but the agency never responded, and as a result, he did not receive the administrative judge's orders or the initial decision until the Board's regional office provided him with courtesy copies on April 18, 2024. *Id.* at 7-8. Finally, the appellant argues that the administrative judge abused his discretion in dismissing the appeal as a sanction, noting that OPM also failed to comply with the administrative judge's orders. *Id.*

Regardless of whether the appellant has shown that OPM's final decision was not available to him before the record closed despite his due diligence, the Board has recognized that appeals involving an appellant's entitlement to benefits are fundamentally different from other types of appeals within its jurisdiction, and equity is of greater concern. *See Moore-Meares v. Office of Personnel Management*, 105 M.S.P.R. 613, ¶ 8 (2007) (stating that, in annuity cases, the paramount concern is whether the appellant is entitled to the benefits she seeks, not how well she argues her case); *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, ¶ 6 (1998) (explaining that, unlike the competing interests of agency management and employee rights involved in a disciplinary appeal, there is only one primary interest involved in a retirement appeal, that of the applicant's entitlement under law to a benefit). Furthermore, the issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Stoglin v. Department of the Air Force*, 123 M.S.P.R. 163, ¶ 7 (2015), *aff'd*, 640 F. App'x

864 (Fed. Cir. 2016); *see Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 10 (2008) (observing that the Board has an interest in ensuring that jurisdictional determinations are correct), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); *cf. Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 6 (2016) (explaining that it is the Board's practice to adjudicate an appeal that was premature when filed but ripens while pending before the Board).

Because the appellant has now submitted evidence that OPM issued a final decision on his eligibility for death benefits and, therefore, has established that the Board has jurisdiction over this appeal, we find it appropriate to remand this appeal for adjudication on the merits. *See* 5 C.F.R. § 1201.115(e). On remand, the administrative judge shall hold the appellant's requested hearing. IAF, Tab 1 at 6; PFR File, Tab 1 at 9. OPM has filed a pleading explaining that another individual's rights or interest may be affected by a decision regarding the death benefits at issue in this appeal. PFR File, Tab 5. Accordingly, on remand the administrative judge shall put that individual on notice of this proceeding. 5 C.F.R. § 1201.34.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.